DAY PITNEY LLP

Boston | Connecticut | Florida | New Jersey | New York | Providence | Washington, DC

**RICHARD H. BROWN**
Attorney at Law
8 Sylvan Way
Parsippany, New Jersey 07054
T: (973) 966-8119 F: (973) 966-1015
rbrown@daypitney.com

September 8, 2026

**VIA E-FILING**
Hon. José R. Almonte, U.S.M.J.
United States District Court for the District of New Jersey
Frank R. Lautenberg U.S. Post Office & Courthouse Building
2 Federal Square
Newark, NJ 07102

Re: *Marino v. Nationwide Studios, Inc. d/b/a Legacy Studios*
Civil Case No. 2:26-cv-00099-MEF-JRA

Dear Judge Almonte:

This firm represents Defendant Nationwide Studios, Inc. d/b/a Legacy Studios ("Nationwide" or "Defendant") in the above-referenced action. I am submitting this joint status letter on behalf of Nationwide and together with counsel for Plaintiff James Marino ("Plaintiff" or "Mr. Marino") to apprise the Court of the status of discovery in advance of the telephone status conference scheduled before Your Honor on September 15, 2026 at 3:30 p.m.

Plaintiff's Summary of the Status of Discovery

Defendant has served written discovery requests on the Plaintiff, and Plaintiff has responded to those requests. On August 10, 2025, Plaintiff also served written discovery requests on the Defendant. Defendant has refused to respond to those requests, waiting until September 2nd to say that "those discovery requests are untimely, and Nationwide objects to and will not respond to them unless it is ordered to do so." The parties met and conferred regarding this objection on September 8th, so that Plaintiff can promptly move forward with a Motion to Compel these responses if necessary.

Defendant's basis for their objection is that – while discovery does not close until the end of November - the Scheduling Order provides "The parties *may* serve initial requests for production of documents and interrogatories on or before July 7, 2026, to be responded to within thirty (30) days of receipt." *See,* Docket 23, at 1. It is on this basis that Defendant seeks to avoid responding to any written discovery at all in this putative class action, despite the discovery period still being open for several more months. It is also on this basis that Defendant now seeks to renew its request for a Stay in this case, while its Motion to Dismiss remains pending – although Judge Cecchi just decided the exact question raised in that Motion, rejecting the argument (made by Defendant here) that the TCPA does not cover text messages. *See,* Docket 30. And it is on this

basis that Defendant then asks the Court to give it a 'mini-stay', granting it an additional **30 days** from the date of the September 15th Conference (until October 15, just over a month before discovery closes) to serve its written discovery responses.

As Defendant makes clear with its renewed requests for a stay or, alternatively, for a total of **66** days to respond to discovery (they haven't actually asked us for any extension at all, instead opting to go directly to the Court for this), this is all about trying to gain some sort of advantage, rather than any effort to "secure the just, speedy, and inexpensive determination" of this case. *See,* FRCP 1. Their request – and their objections – should be overruled.

*First,* Defendant itself asked for a stay in this case (Docket 22, at 3), so they could hardly now complain that they would be 'prejudiced' by any delay in service of discovery requests on them. *Second,* the Scheduling Order does not say that the parties **must** serve discovery requests on or before July 7, 2026, or that they would be precluded from serving *any* discovery requests if they did not serve *initial* requests by that date. *Third,* an inadvertent calendaring oversight (we calendared the close of discovery deadline, as well as the deadline to respond to Defendant's request, but didn't catch the interim service deadline for initial requests) does not warrant the draconian outcome Defendant seeks here, particularly with discovery not closing for several more months.

If formal motion practice is really necessary to move for an extension of this interim deadline, Plaintiff next intends to file such a Motion, but it is respectfully submitted that Defendant's objections are due to be overruled so that the parties can move forward with written discovery as directed by the Court. *See,* Docket 24. And to the extent that Defendant seeks a Confidentiality Order in this action (again, for the first time raised to us in this Letter), we have zero issue with the entry of the Model Confidentiality Order annexed as Appendix S to the Local Rules.

Defendant's Summary of the Status of Discovery

The parties have exchanged written discovery requests. Nationwide timely served its Rule 26 disclosures on June 2, 2026, which was the deadline set forth in Your Honor's May 26, 2026 Pretrial Scheduling Order (the "PSO"). (ECF No. 23.) Defendant also timely served its initial written discovery requests on July 7, 2026. Plaintiff responded on August 14, 2026, and, to date, made one production consisting of 17 pages and one audio file. In the event the Court does not stay discovery until a decision on the pending dismissal motion (see below), Nationwide intends to confer with Plaintiff regarding deficiencies identified during Defendant's review of Plaintiff's responses, including but not limited to Plaintiff's refusal to respond to Interrogatories 8 through 16 based upon a claim that they contain improper subparts, the lack of metadata contained in the document production, and certain other deficiencies relating to missing documents.

Plaintiff failed to serve its Rule 26 disclosures until August 10 – more than two months after the Court's June 2 deadline. Plaintiff also failed to serve his initial requests for production

DAY PITNEY LLP



and interrogatories until August 10, 2026 - more than one month after the Court's deadline.[1] Defendant served a September 2, 2026 letter informing Plaintiff's counsel that it will object to Plaintiff's interrogatories and requests for production as untimely, while reserving all additional objections. Considering Plaintiff's violation of the Court's PSO, Defendant renews its request that the Court stay discovery pending a decision on its pending motion seeking the dismissal of all of Plaintiff's claims in the Second Amended Complaint. (ECF No. 19.) Imposing a stay pending a decision on the motion is not only practical but is a proper consequence for Plaintiff's failure to comply with this Court's Order. Your Honor will recall that Plaintiff argued in favor of discovery and against a stay at the May 26, 2026 Initial Conference, yet then flouted this Court's PSO while Nationwide complied. If, however, the Court is inclined to allow Plaintiff's late discovery demands, Nationwide requests thirty (30) days from the date of the conference to serve its responses. Nationwide further notes that it will require the entry of a confidentiality order to protect certain confidential customer and proprietary company information.

Respectfully submitted,

*/s/ Richard H. Brown*

Richard H. Brown

cc: all counsel of record (via ECF)

[1] Plaintiff also served a set of request for admissions on August 10, 2026.