**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JAMES MARINO,<br><br>*Plaintiff,*<br><br>v.<br><br>NATIONWIDE STUDIOS, INC. d/b/a LEGACY STUDIOS,<br><br>*Defendant.* | 26-cv-0099 (MEF)(JRA)<br><br>**OPINION and ORDER** |

* * *

For the purposes of this brief Opinion and Order, the Court largely assumes familiarity with the procedural history and allegations of this case.

* * *

## I. Background

The relevant allegations[1] here:

A New York man[2] got some text messages from a New Jersey photography company.[3] See Second Amended Class Complaint and Jury Trial Demand ("Complaint") (ECF 17) ¶¶ 7, 10-11, 15-16, 35.

The messages promoted the company. "Get FREE SHIPPING on [your child's] school photo order . . . Offer ends tomorrow," id. ¶ 43, and other texts along those lines. See id. ¶¶ 45, 47, 50.

---

[1] Because this is a motion to dismiss, the Court must take all of the allegations as true. See McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009). Whether they are in fact true --- that is a question for later.

[2] James Marino.

[3] Nationwide Studios. It owns and operates Legacy Studios. See Complaint ¶ 31.

* * *

The man came to believe that the messages were coming to him in violation of the federal Telephone Consumer Protection Act ("TCPA"). See id. ¶¶ 84-117. So he sued the photography company.

From here, the man is "the Plaintiff" and the company is "the Defendant."

* * *

The Defendant has now moved to dismiss. See Defendant's Notice of Motion to Dismiss Plaintiff's Second Amended Complaint with Prejudice (ECF 19).[4]

Its motion is denied in part and granted in part.

## II. Analysis

The Plaintiff's first claim is brought under the TCPA, at 47 U.S.C. § 227(c)(5). See Complaint ¶¶ 85-95.

The main gist of that part of the TCPA: no "telephone call[s]," see 47 U.S.C. § 227(c)(5), can be made to numbers (like the Plaintiff's) that are on the national do-not-call list.[5] See 47 C.F.R. § 64.1200(c)(2).

The Defendant presses two arguments for why the Plaintiff's first TCPA claim should be dismissed. But neither argument is persuasive.[6]

---

[4] See also Brief on Behalf of Nationwide Studios, Inc. d/b/a Legacy Studios in Support of Its Motion to Dismiss Plaintiff's Second Amended Class Complaint ("Defendant's Brief") (ECF 19-1); Reply Brief on Behalf of Nationwide Studios, Inc. d/b/a/ Legacy Studios in Support of Its Motion to Dismiss Plaintiff's Second Amended Class Complaint ("Defendant's Reply Brief") (ECF 27).

[5] The statute also makes it unlawful, in some circumstances, to keep making "telephone call[s]," see 47 U.S.C. § 227(c)(5), to a person who has previously told the caller to stop calling. See 47 C.F.R. § 64.1200(d). This part of the statute is the basis for the Plaintiff's second claim. See Complaint ¶¶ 96-108.

[6] The Defendant seeks dismissal of the Plaintiff's second TCPA claim based on the same two arguments. See Defendant's Brief at 21-22. The arguments fail as to the first claim, as set out

### A. "Telephone Call"

The Defendant's first argument: a text message does not count as a "telephone call," so the Defendant did not violate the TCPA by sending text messages to the Plaintiff. See Defendant's Brief at 8-14.

But that runs aground on Third Circuit caselaw.

In Dominguez v. Yahoo, Inc., 894 F.3d 116 (3d Cir. 2018), the Third Circuit took stock of its prior precedent and explained:

> Although the text of [47 U.S.C. § 227(b)] refers only to 'calls,' we have held that, under the TCPA, that term encompasses text messages. See, e.g., Gager v. Dell Fin. Servs., LLC, 727 F.3d 265, 269 n.2 (3d Cir. 2013).

Dominguez, 894 F.3d at 117 n.3;[7] see also Vazquez v. TriAd Media Sols., Inc., 797 F. App'x 723, 725 n.3 (3d Cir. 2019) ("Under the TCPA, it is unlawful to send text messages to a cell phone[.]").

To be sure, in Dominguez and in Vazquez the Third Circuit was interpreting "call" as used in § 227(b) of the TCPA, not "call"

---

below. And they fail as to the second claim for the same reasons.

[7] The Defendant argues that the Third Circuit's interpretation of "call" in Gager was dicta, and can therefore be discounted. See Defendant's Reply Brief at 9. But that ship has sailed --- as noted in the text, the Third Circuit in Dominguez characterized its Grager interpretation of "call" as a "h[o]ld[ing]." Dominguez, 894 F.3d at 117 n.3. And this Court is bound by the Third Circuit's understanding of its own precedent. The Third Circuit has explicitly treated Grager as a holding, not dicta. So this Court must go that way, too. See Clow v. U.S. Dep't of Hous. & Urb. Dev., 948 F.2d 614, 616 n.2 (9th Cir. 1991) ("If we were all free to disregard . . . circuit law based on our own predilections as to whether these decisions properly construe the . . . cases upon which they rely, the doctrine of stare decisis would have little meaning[.]"), abrogated on other grounds by Steel Co. v. Citizens for a Better Env't, 523 U.S. 83 (1998); see also Smith v. GTE Corp., 236 F.3d 1292, 1301-02 (11th Cir. 2001); Barber v. Johnson, 145 F.3d 234, 237 (5th Cir. 1998).

as used in § 227(c) --- the subsection of the TCPA invoked by the Plaintiff in his first claim.[8]

But the long-standing "presumption" is "that identical words used in different parts of the same [law] are intended to have the same meaning." United States v. Jabateh, 974 F.3d 281, 294 (3d Cir. 2020); see also Pereira v. Sessions, 585 U.S. 198, 211 (2018).

And the Defendant offers no solid reason why that presumption should be pushed aside. So it stands.

Bottom line: a text message counts as a "telephone call" for § 227(c) of the TCPA.

* * *

Against this, the Defendant notes that in interpreting "call," the Third Circuit seems to have been deferring a bit to the relevant regulator's understanding of that term --- deference that was allowed under Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984), but that would not be possible now, with Chevron having been overruled. See Defendant's Brief at 6-9.

With Chevron gone, the argument goes, the Third Circuit's "call" interpretation must fall, too. It has had the legs kicked out from under it --- because the Third Circuit's read rested on no-longer-allowed Chevron deference. See id.; see also Defendant's Reply Brief at 9.

But this argument does not get off the ground.

As the Third Circuit has explained:

> [The Supreme] Court [in Loper Bright Enters. v. Raimondo, 603 U.S. 369 (2024), the decision that overruled Chevron,] was explicit that it was not calling into question prior cases that relied on the Chevron framework. . . . [So in] the absence of a ruling by this Court sitting en banc or an intervening Supreme Court decision that conflicts with that precedent, we are bound by the precedential decisions of earlier panels . . . and Loper Bright does not change that calculus.

[8] And also in his second.

Islam v. Att'y Gen., 193 F.4th 646, 653–54 (3d Cir. 2026) (cleaned up).

Here, there has been no intervening Supreme Court or en banc decision. So the prior conclusion, that a text message counts as a "telephone call" --- that remains the law of this circuit.[9]

### B. "Residential Telephone Subscriber"

Before getting to the Defendant's second argument for dismissing the Plaintiff's first claim, a small bit of background.

The TCPA allows federal officials to put together a list of people who do not want to get certain calls. See 47 U.S.C. § 227(c)(1)-(3). And that list got up and running years ago. See 47 C.F.R. § 64.1200(c)(2).

Under the TCPA, any "residential telephone subscriber" can add his phone number to the do-not-call list. See 47 U.S.C. § 227(c)(1), (3); 47 C.F.R. § 64.1200(c)(2). And the Plaintiff here was quick to get on board --- he put his personal cell phone number down more than a decade ago. See Complaint ¶¶ 33, 35.

The core of the Plaintiff's first TCPA claim is that the Defendant brushed off the list, and violated federal law, when it sent text messages to his cellphone. See Complaint ¶¶ 85–95.

* * *

The Defendant argues for dismissal of the first TCPA claim --- contending that the Plaintiff was not allowed to add his cell phone number to the no-call list in the first place. Why not? Because the list, it is said, is for "residential telephone subscriber[s]" --- and that means people with home landlines, not people (like the Plaintiff) using cellphones. See Defendant's Brief at 14–21, 17 n.5.

This argument has been made around the country, and courts have laid out their assessments of it at length.

The Court's view: the Defendant's argument is not persuasive, largely for the reasons stated in Cacho v. McCarthy & Kelly LLP,

---

[9] A district court in this circuit has recently gone the other way. See Bronstin v. Happy Cabbage Analytics, Inc., 2026 WL 3343316, at *6-7 (M.D. Pa. Oct. 29, 2026). But in the Court's view Dominguez requires a different result.

739 F. Supp. 3d 195, 202-08 (S.D.N.Y. 2024); Jackson v. Direct Bldg. Supplies LLC, 2024 WL 184449, at *5-8 (M.D. Pa. Jan. 17, 2024); and Showers v. Pelican Inv. Holdings Grp., LLC, 830 F. Supp. 3d 743, 747-52 (S.D. Ill. 2026). "Although it is true that the TCPA placed particular emphasis on intrusions upon the privacy of the home in 1991, this expression of particular concern for residential calls does not limit --- either expressly or by implication --- the statute's application to cell phone calls." Susinno v. Work Out World Inc., 862 F.3d 346, 349 (3d Cir. 2017).[10]

* * *

In short, the Defendant's arguments for dismissing the Plaintiff's first two claims are not persuasive.[11]

## III. Conclusion

The Defendant's motion to dismiss at ECF 19 is (i) denied as to the Plaintiff's first and second claims, and (ii) granted as to the Plaintiff's third claim, which is dismissed without prejudice.

IT IS on this 23rd day of November, 2026, **SO ORDERED.**

Michael E. Farbiarz, U.S.D.J.

---

[10] The Defendant also makes a closely similar argument --- that regulators overstepped their authority by allowing cellphone subscribers to add their numbers to the do-not-call list. See Defendant's Brief at 18-21. That argument fails for the same reasons outlined in Cacho, Jackson, and Showers.

[11] In its legal papers, the Defendant also sought to dismiss the Plaintiff's third claim. See Defendant's Brief at 22-25. Then it was over to the Plaintiff --- and he did not respond. "A plaintiff who makes a claim . . . but fails to raise the issue in response to a defendant's motion . . . has effectively abandoned his claim." Doe v. Sebrow, 2026 WL 976046, at *9 (D.N.J. Apr. 10, 2026) (collecting cases). So the Plaintiff's third claim, see Complaint ¶¶ 109-117, is deemed abandoned and must be dismissed. Cf. Dreibelbis v. Scholton, 274 F. App'x 183, 185 (3d Cir. 2008); Confer v. Custom Eng'g Co., 952 F.2d 41, 44 (3d Cir. 1991).